IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

ALISA MARIE LYNCH and PETER
JAMES LYNCH,

       Plaintiffs,

     v.

TANISHA BAILEY-ROKA, in her
Official Capacity as Virgin Islands Chief
Disciplinary Counsel, and in her Individual
Capacity, and MICHAEL DAVID
HOLZKNECHT, in his Former, official
Capacity as Virgin Islands Special
Designated Disciplinary Counsel, and in
his Individual Capacity, and LEE
JEANNETTE ROHN, and LEE J. ROHN
& ASSOCIATES, LLC,

       Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 1:23-cv-0023-KAJ

(Transfer of Case No. 2:22-cv-14338
from the United States District Court
for the Southern District of Florida)

Jury Trial Demanded

MEMORANDUM OPINION
―――――――――

Alisa Marie Lynch, 3715 McBroom St., Sebastian, FL 32976, *Pro Se Plaintiff*

Peter James Lynch, c/o Flag Law VI, P.O. Box 303300, St. Thomas, VI 00803
*Pro Se Plaintiff*

Paul L. Gimenez, Superior Court of the Virgin Islands, 5400 Veteran Drive, St. Thomas,
VI 00802, *Counsel for Tanisha Bailey-Roka, Michael David Holzknecht*

Lee J. Rohn, Lee J. Rohn & Associates, 1101 King Street, St. Croix, VI 00820, *Counsel
for Lee J. Rohn & Associates LLC and Lee Rohn*

November 15, 2024
Wilmington, Delaware



JORDAN, *Circuit Judge sitting by designation*

## I.    INTRODUCTION

Peter Lynch ("Lynch"), an attorney licensed to practice law in the Virgin Islands, and his wife, Alisa, sued Tanisha Bailey-Roka and Michael Holzknecht of the Virgin Islands Supreme Court's Office of Disciplinary Counsel ("the ODC Defendants") and others in relation to an attorney grievance brought against Lynch.  Lynch originally filed suit in the United States District Court for the Southern District of Florida, but it was transferred here, and the defendants filed motions to dismiss.  I set a scheduling conference and oral argument on the motions.  Three days before that conference, the Lynches voluntarily dismissed the suit, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  The ODC Defendants now request attorney's fees of more than $75,000.  I will deny their motion.

## II.    BACKGROUND

### A.    Facts[1]

In March 2021, Lynch initiated divorce proceedings against his wife, Alisa, in the Virgin Islands.  (D.I. 67 at 2.)  Lee Rohn, an attorney who practices law in the Virgin

---

[1] Most of the relevant facts and procedural posture are taken from the Magistrate Judge's Report & Recommendation issued in the United States District Court for the Southern District of Florida.  (D.I. 67.)  The remainder come from the Lynches' second amended complaint.  (D.I. 13.)

2

Islands through her firm Lee J. Rohn & Associates, LLC (together, "the Rohn Defendants"), was Alisa's choice to represent her in the divorce. (D.I. 67 at 2.) Rohn and Lynch had been adversaries in past litigation, as both opposing counsel and opposing parties, and Rohn advised a former client of Lynch's to file an attorney grievance against him in the Virgin Islands. (D.I. 67 at 2.) Alisa alleges that Rohn disclosed neither that she had advised the former client to file the grievance nor that she and Lynch had previously been opposing counsel and opposing parties. (D.I. 13 at 5, ¶ 32.) Lynch dismissed the divorce proceeding in April 2021. (D.I. 67 at 2.)

The Lynches, now more or less reconciled it seems,[2] allege that the Rohn Defendants, who are not licensed to practice law in Florida, agreed to help Alisa file a divorce case in Florida in May 2021, even though she was proceeding pro se. (D.I. 67 at 2.) Lynch alleges that the Rohn Defendants hired a process server, "ghost-drafted" the Notice of Proof of Service for Alisa, and provided legal advice to her via phone, email, and text messages. (D.I. 67 at 2; D.I. 13 at 6, ¶ 44.)

During the period when the Rohn Defendants provided legal representation and advice, Alisa disclosed confidential information about Lynch to Rohn. (D.I. 67 at 2.) In April 2021, the Rohn Defendants emailed that confidential information to Holzknecht, a Special Disciplinary Counsel at the Office of Disciplinary Counsel for the Supreme Court

---

[2] Lynch and Alisa remained married as of the time of the filing of the second amended complaint. (D.I. 13 at 4, ¶ 24.)

of the Virgin Islands,[3] without notice to or the consent of Alisa.  (D.I. 67 at 2; D.I. 13 at 6, ¶ 46.)  Holzknecht attempted to contact Alisa several times about the information.  (D.I. 67 at 2.)  Alisa alleges that she returned Holzknecht's call at Rohn's suggestion and reasonably believed that he worked for Rohn's firm.  (D.I. 67 at 2-3; D.I. 13 at 8, ¶¶ 62-64.)  She disclosed additional confidential information to him.  (D.I. 67 at 3.)

Holzknecht sent the information to Bailey-Roka, the Chief Disciplinary Counsel for the ODC.  (D.I. 67 at 3.)  On the same day, Holzknecht emailed Alisa, asking her to file a Virgin Islands attorney grievance against Lynch, which he had drafted.  (D.I. 67 at 3.)  His letter to Alisa summarized Alisa's "concerns" about Lynch, which were based on the information she provided to Rohn, and it noted that Rohn had an ethical obligation to bring the information to the ODC.  (D.I. 13-1, Ex. D.)  The letter listed the following possible ethical violations: that Lynch served Alisa with divorce papers by leaving them in the front yard; that he committed acts of domestic violence; that he had withheld U.S. Treasury stimulus money; and that he falsely claimed V.I. residency while also benefitting from Florida Homestead Laws (which require sole Florida residency) and related tax benefits.[4]  (D.I. 13-1, Ex. D.)

---

[3] Holzknecht worked remotely from Missouri at the time.  (D.I. 67 at 2.)  He no longer works for the Supreme Court as disciplinary counsel.  (D.I. 39 at 1 n.1.)

[4] Unrelated to the attorney grievance at issue here, in February 2022, Bailey-Roka sent via certified mail a copy of a bar grievance to a third-party attorney in Florida.  (D.I. 67 at 3.)  That grievance related to the earlier grievance filed against Lynch and involved

4

**B.    Procedural History**

Based on those events, the Lynches sued the Rohn Defendants and the ODC

Defendants in the United States District Court for the Southern District of Florida in

September 2022, pursuant to 42 U.S.C. §§ 1983 and 1985 and state law.  (D.I. 67 at 3-4.)

Their second amended complaint asserts fifteen counts, including alleged violations of

the Fourth and Fourteenth Amendments and the Commerce Clause.[5]  (D.I. 67 at 4.)  They

sought monetary and declaratory relief.  (D.I. 13 at 47.)

The defendants filed a motion to dismiss for lack of personal jurisdiction or to

transfer venue, as well as to seek dismissal based on immunity grounds (D.I. 46), which

the Lynches opposed (D.I. 47).  A Magistrate Judge recommended in a Report and

Recommendation ("R&R") that the motion be granted for lack of personal jurisdiction, or

that the case be transferred to the Virgin Islands for lack of venue.[6]  (D.I. 67 at 1, 5-16.)

The district court, over the Lynches' objections (D.I. at 68), adopted the R&R in part,

---

the same former client.  (D.I. 67 at 3.)  It included as an exhibit to a document filed in
connection with the grievance at issue here.  (D.I. 67 at 3.)

[5] Those constitutional claims are brought against the ODC Defendants in their
individual capacities.  (D.I. 67 at 4.)

[6] The Magistrate Judge recommended in the alternative that all counts against the
ODC Defendants be dismissed based on sovereign or prosecutorial and judicial
immunities.  (D.I. 67 at 15-18.)

agreeing that venue was improper (D.I. 70 at 3).  The district court transferred the case here in June 2023, pursuant to 28 U.S.C. §§ 1404(a) and 1406(a).  (D.I. 70 at 5; D.I. 71.)

Following a series of motions for recusal and to stay the proceedings by the Lynches,[7] the case was reassigned to me.  (D.I. 91.)  The ODC Defendants filed a motion to dismiss on multiple grounds (D.I. 95, 96), which the Rohn Defendants joined (D.I. 103).  The Lynches moved to strike that motion (D.I. 115), which all of the defendants opposed (D.I. 116, 122).  The Rohn Defendants then filed another motion to dismiss for failure to state a claim and on immunity grounds.  (D.I. 120, 121.)  As already noted, I set a date for a scheduling conference and argument on the motions to dismiss.  (D.I. 123.)  Three days before the conference and argument, the Lynches voluntarily dismissed their suit without prejudice, as allowed by Federal Rule of Civil Procedure 41(a)(1)(A)(i).  (D.I. 127.)

### C.    Motion for Attorney's Fees

Now pending is the ODC Defendants' motion for attorney's fees, which includes a request that I compel Lynch to dismiss the action with prejudice or require Lynch to seek permission from the Court before filing future actions.  (D.I. 128, 129 at 2.)  The ODC Defendants argue that I should use my discretion to award them attorney's fees under 42

---

[7] The Lynches also petitioned the Eleventh Circuit for a writ of mandamus, which was denied.  (D.I. 129 at 14; *In re Lynch*, No. 23-13494, 2024 U.S. App. LEXIS 452 (11th Cir. Jan. 5, 2024).)

U.S.C. § 1988, Federal Rule of Civil Procedure 41, or 5 V.I. Code § 541(b), because the Lynches' suit was "frivolous and vexatious and only instituted for the purposes of harassment[.]" (D.I. 129 at 2, 5.) They also contend that it is appropriate to use this Court's "inherent power" to sanction the Lynches' conduct, because that conduct has been "egregious" and "in bad faith." (D.I. 129 at 8.) Finally, the ODC Defendants assert an abuse of process claim, contending that Lynch has engaged in a pattern of filing actions against them in multiple jurisdictions for the purpose of harassment, without incurring costs or fees. (D.I. 129 at 9-16.) They seek more than $75,000. (D.I. 129 at 17.)

The Lynches argue in response that the ODC Defendants are not the prevailing party and that I may not consider prior or ongoing matters not before me in deciding whether to exercise my discretion to award attorney's fees under § 1988.[8] (D.I. 134, 136.)

## III.  DISCUSSION

### A.    Attorney's Fees

1.    <u>42 U.S.C. § 1988, 5 V.I. Code § 541(a), and Rule 41</u>

---

[8] The Lynches also argue that their Rule 41 voluntary dismissal "cut off" the ODC Defendants' entitlement to attorney's fees, and that this Court does not have jurisdiction over legal expenses incurred while the matter was pending in the Southern District of Florida. (D.I. 134 at 1-2.)

"It is the general rule in the United States that in the absence of legislation providing otherwise, litigants must pay their own attorney's fees. Congress has provided only limited exceptions to this rule 'under selected statutes granting or protecting various federal rights.'" *Christiansburg Garment Co. v. Equal Emp. Opportunity Comm'n*, 434 U.S. 412, 415 (1978) (citation omitted) (quoting *Alyeska Pipeline Co. v. Wilderness Soc'y*, 421 U.S. 240, 260 (1975)). Section 1988 of title 42 of the U.S. Code is one of those statutes. It provides that "[i]n any action or proceeding to enforce a provision of sections ... 1983 [and] 1985, ... the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs[.]" 42 U.S.C. § 1988(b). Additionally, under Virgin Islands law, the "prevailing party" in a civil action may obtain attorney's fees at the court's "discretion." 5 V.I. Code § 541(a)(6), (b). Finally, pursuant to Federal Rule of Civil Procedure 41(d), "[i]f a plaintiff who previously dismissed an action in any court files an action based on or including the same claim against the same defendant, the court[] may order the plaintiff to pay all or part of the costs of that previous action[.]"

All that is to say, "attorney's fees are not routine, but are to be only sparingly awarded." *Quiroga v. Hasbro*, 934 F.2d 497, 503 (3d Cir. 1991) (but affirming the district court's grant of attorney's fees when the claims raised were "utterly without basis"). And, as the ODC Defendants concede, in cases of voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i), attorney's fees awards

8

are "not automatic or maybe not even common[.]" (D.I. 129 at 7.) That is an understatement.

Under § 1988(b) and § 541(a), I only have the discretion to award attorney's fees to a "prevailing party." In *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, the Supreme Court considered the situations in which a "prevailing party" exists and thus could be awarded attorney's fees under authorizing statutes. 532 U.S. 598, 603-04 (2001) (defining "prevailing party" as "one who has been awarded some relief by the court"). The Court explained that a "judicially sanctioned change in the legal relationship of the parties" is necessary to allow an award of attorney's fees. *Id.* at 605. A judgment on the merits and a court-ordered consent decree can qualify as the required "judicial *imprimatur*." *Id.* at 604-05. The Third Circuit has held that a judicially enforceable preliminary injunction can also satisfy *Buckhannon*, if, under the circumstances, that injunction granted the plaintiffs "virtually all the relief they sought, thereby materially altering the legal relationship between the parties[.]" *People Against Police Violence v. City of Pittsburgh*, 520 F.3d 226, 233 (3d Cir. 2008). But when no judicial ruling has changed the parties' legal relationship, no "prevailing party" exists to receive an authorized award of attorney's fees. *Buckhannon*, 532 U.S. at 605.

Here, because the Lynches voluntarily dismissed their case without prejudice pursuant to Rule 41(a)(1)(A)(i), no judicially sanctioned change to the legal relationship

9

of the parties has occurred.[9] *See Oscar v. Alaska Dep't of Educ. & Early Dev.*, 541 F.3d

978, 981 (9th Cir. 2008) ("[D]ismissal without prejudice does not alter the legal

relationship of the parties because the defendant remains subject to the risk of re-filing.").

The ODC Defendants are therefore not prevailing parties for the purposes of § 1988 or

§ 541(a), so they cannot seek an award of attorney's fees under those provisions. *See*

*O.F. Mossberg & Sons, Inc. v. Timney Triggers, LLC*, 955 F.3d 990, 993 (Fed. Cir. 2020)

(affirming denial of attorney's fees to defendant because plaintiff's Rule 41(a)(1)(A)(i)

voluntary dismissal without prejudice was not the necessary judicial *imprimatur*

establishing a prevailing party). Likewise, Rule 41 is not operative unless and until the

Lynches file another action against the ODC Defendants based on or including the same

claim as the one they dismissed here. *See* Fed. R. Civ. P. 41(d) (applying only once "a

plaintiff who previously dismissed an action in any court files" another "action based on

or including the same claim against the same defendant").

> 2.    Inherent Powers

The ODC Defendants also rely on the inherent powers "incidental to all Courts"

for an award of attorney's fees. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991)

---

[9] A plaintiff's voluntary dismissal is without prejudice unless "the plaintiff
previously dismissed any federal- or state-court action based on or including the same
claim," in which case the dismissal notice "operates as an adjudication on the merits."
Fed. R. Civ. P. 41(a)(1)(B). The ODC Defendants have not identified any action based
on or including the same claim that the Lynches have previously dismissed. (D.I. 129 at
13-15 (detailing Lynch's filings related to the ODC Defendants, which do not include an
action based on the same claim dismissed by Lynch).)

(quoting *Ex parte Burr*, 22 U.S. (9 Wheat.) 529, 531 (1824)). (*See* D.I. 129 at 8-9.)

"Because of their very potency, inherent powers must be exercised with restraint and

discretion" and only in narrow categories, including when a party has "acted in bad faith,

vexatiously, wantonly, or for oppressive reasons." *Chambers*, 501 U.S. at 44-46 (quoting

*Alyeska*, 421 U.S. at 258-59). Thus, "an award of fees and costs pursuant to the court's

inherent authority to control litigation will usually require a finding of bad faith." *In re*

*Prudential Ins. Co. Am. Sales Prac. Litig. Agent Actions*, 278 F.3d 175, 181 (3d Cir.

2002). Furthermore, even "when there is bad-faith conduct ... the court ordinarily should

rely on the [Federal] Rules rather than the inherent power." *Chambers*, 501 U.S. at 50;

*see also In re Prudential*, 278 F.3d at 189 ("[R]esort to these inherent powers is not

preferred when other remedies are available."). Therefore, "[g]enerally, a court's

inherent power should be reserved for those cases in which the conduct of a party or an

attorney is egregious and no other basis for sanctions exists." *Martin v. Brown*, 63 F.3d

1252, 1265 (3d Cir. 1995). And should a court award fee-based sanctions, "[i]t should

relate each sanction to some aspect of [the offenders'] conduct and explain how that

conduct comes within the authority it relies on to impose it." *Id.*

     Under the circumstances here, I decline to exercise my discretion to award

attorney's fees pursuant to my inherent authority. The ODC Defendants make

conclusory assertions that Lynch instituted the action in bad faith to harass and oppress

them. (D.I. 129 at 8-9.) As will be detailed in the following section, the mere filing of a

complaint does not generally constitute evidence of bad faith. *See Ford v. Temple Hosp.*, 790 F.2d 342, 347 (3d Cir. 1986) (requiring "some indication of an intentional advancement of a baseless contention that is made for an ulterior purpose, *e.g.*, harassment or delay"). Even assuming Lynch acted in bad faith in filing the complaint, however, given the parties' history of legal entanglements, I would still decline to resort to inherent powers. *Chambers*, 501 U.S. at 44. Those are "not [to] be assessed lightly[.]" *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 767 (1980); *see Ford*, 790 F.2d at 347 ("[A] district court may, in its discretion, refuse to award attorney's fees even where it finds the existence of bad faith, if, in balancing the equities, it nevertheless determines that an award in a particular case would not serve the interests of justice.").

### B.    Abuse of Process

As part of their motion for attorney's fees, the ODC Defendants seek to bring an abuse of process claim against Lynch. (D.I. 129 at 9-16.) Under Virgin Islands law, "[a]buse of process is a common law tort claim which arises when one uses the court's process for a purpose other than that for which the process was designed. In its most basic sense, [it] ... is intended to prevent parties from using litigation to pursue objectives other than those claimed in the suit." *Heavy Materials, LLC v. Daniel's Constr. Co.*, No. ST-13-CV-222, 2016 WL 4223995, at *2 (V.I. Super. Ct. July 27, 2016). An abuse of process claim contains two elements: "(1) while acting with an ulterior motive or an improper purpose, (2) the defendant used process in a manner that would not be proper in

12

the normal prosecution of a case." *Id.* "The filing of a lawsuit is a normal use of the judicial process," so that alone "fails to satisfy the second prong of an abuse of process analysis without more." *Id.*; *cf. McDonald v. Davis*, 51 V.I. 573, 601 (D.V.I. 2009) (listing "intentionally withholding critical documents, ignoring court orders, permitting false testimony at depositions and misrepresenting facts to opposing counsel and the court" as examples of abuse of process).

Here, the ODC Defendants argue that Lynch is animated by a belief that they have a "personal animus" against him. (D.I. 129 at 10.) That, they say, is the "driving force in his legal filings and [is] evidence of his on-going baseless allegations of malice and intent." (D.I. 129 at 10.)

Even if the ODC Defendants' post-dismissal motion is the proper vehicle to bring an abuse of process claim, I decline to conclude on the record before me that Lynch's conduct qualifies as an abuse of process. Although the ODC Defendants argue that Lynch's "filing of motions, engaging in concurrent multi-court or multi-jurisdictional and redundant filings coupled with the 11th hour voluntary dismissals without prejudice" represent a pattern meant "to intentional[ly] prolong the malicious and vexatious harassing actions" and "increas[e] the cost of litigation" (D.I. 129 at 11), I am not persuaded at this stage that Lynch's filings are anything more than "a regular use of process, and therefore may not on [their] own fulfill the requirement of an abusive act, even if the decision to sue was influenced by a wrongful motive, purpose[,] or intent,"

13

*Kiwi Constr., LLC v. Pono*, No. ST-2013-CV-011, 2016 WL 213037, at \*4 (V.I. Super. Ct. Jan. 15, 2016). Thus, without more, Lynch's actions, even if influenced by a wrongful motive, do not constitute an abuse of process.[10]

## IV.    CONCLUSION

For the foregoing reasons, the ODC Defendants' motion for attorney's fees will be denied.

---

[10] That said, I caution the Lynches against filing further actions against the ODC Defendants based on the same claims at issue in this suit. Per Rule 41, a future voluntary dismissal of an action of that sort will be with prejudice and could allow the ODC Defendants to recoup attorney's fees, including those associated with this suit. Fed. R. Civ. P. 41(a)(1)(B), (d).